In this case, we've been going at this for quite a while, and first and foremost, this is an individual debtor based upon property values, etc., in California, like in many metropolitan jurisdictions. And we found ourselves in Chapter 11 only because we got all the way to the confirmation hearing in 2013 to be told that we could not entertain a Chapter 20 filing, and so we had to commence a Chapter 11 filing. So at that point, we were kind of at a loss, the federal courts and everything federal had been in a shutdown, but we did finally, after filing, get in touch with the analyst. And I was in touch with the analyst consistently, and that's just some background to where we got, because there were a lot of issues pursuant to, or because of, my client debtor being an individual. She was having a lot of problems getting dip accounts, etc., and Mr. Baden, the analyst, was working with her so that we could try and come up with some resolutions, and we did try, up to the point where a motion for dismissal was filed, because she had not been able to secure dip accounts, but had planned on actually flying all the way to Texas to open up some dip accounts. So we really tried our best, and I did try and get in touch with Ms. Yip, I had Yip counsel for the trustee at that point several times, and only was able to speak with her the day before the hearing. Mr. Baden was confident that we could continue the hearing, or it would be taken off calendar if I got the MORs in. There was some discrepancies, I didn't get them in timely, because I was waiting for comments from Mr. Baden, and he was on vacation. So I did finally get them all in, and we were current. But can I ask you a question, sorry to interrupt you, but the result of the hearing was an agreed order, which was a pretty good result, right? It was not an agreed order, that we went to court, and we did discuss, we had an agreement, and I thought the agreement was to give some additional time, because she was flying to Texas, there was that issue. However, when Ms. Yip got on, it was her time to speak, first the court asked me if there was an agreement, and I said yes, I'm hoping that we have agreed that there will be additional time. She, Ms. Yip, decided that it was going to be 30 days with an absolute bar, and that's not what we discussed, but any time I attempted to speak, especially about the serial filing issue, etc., the judge cut me off. I mean, it was almost kind of rude, because I was told chapter and verse, and you know, a lot of other information, especially about being a serial filer, because I did not think that that applied, especially if mentioning the Chapter 13 filing from 2018, because we obviously showed good faith. We went all the way to a confirmation hearing with three different amendments, there were no objections, there was none of the predators objected, but we ended up having to file the Chapter 11 for procedural reasons, not because of being a serial filer, we weren't trying to avoid predators, hinder, delay, etc. Let me just follow up on my question, thank you for that. Okay. There was no formal opposition to the dismissal motion and no appeal from that, right, from the order, correct? Correct, because I did believe that we were getting the documents filed on time, and that it would be continued and for taking off calendar. And that's, you know, pursuant to my conversations and many emails between Mr. Baden and I, which Ms. Yip was privy to, and CC'd on each one of them. So there was a lot of exchange, 230 pages worth of exchange. So I just want to get the timeline, I think that's what Judge Lafferty's concern is, there's a little bit of slosh here in your argument, maybe our problem, not yours, and that is when, when you talk about the hearing, there's hearing number one, you say you have a deal, the judge gives you a deal, maybe not the deal you want, is all your argument during that period related to that? Because then you don't appeal from that order, you're going forward, but things don't all get done, correct? Well, they do get done, but then they get undone. So I did not appeal, I did not have the benefit of having a transcript from the hearing. And initially, when I got the motion, I mean, the order from that hearing, I said, I don't believe that this was what we agreed to, I don't believe, I know that there was not 180 day bar, but my client said, but I'm flying out, I'm going to get the, I'll have it done. Okay, I'm going to get these accounts now. And so she did, in fact, fly out and get the DIP accounts. And then when she returned, and this is after the drop dead date, she did have the DIP accounts literally on that date. However, right afterwards, they closed them. And when we asked why, they just said they are at will, they can do that if they choose. So immediately, she did obtain new DIP accounts. And that was July 24. We gave notice then to Hediyev and Gary Dayton, that she did, in fact, immediately, you know, and that type of thing so that we could send them voided checks pursuant to the requirements of the UST, and to send those also to her employers so that direct deposits would come through to the new accounts. Because that's the only way she gets paid. And it would be mismanagement of the estate if the checks were going nowhere. All right, you're well into your five minutes. Do you want to wrap up now and reserve or you can keep going? I just wanted to remind you. OK, thank you. I will wrap up. The order did not reflect what was agreed to during the hearing. I tried several times to make sure that I asserted and present evidence to Judge Robles and Hediyev and was cut off. The due process rights were not there because I could not present those arguments. I did, in fact, have the DIP accounts on that date, which would have, pursuant to their order, given seven days for correcting it. But we weren't even allowed that. Case law says that if there's good faith showing in most cases, there are continuances granted that a good faith debtor is allowed to continue. Even Judge Robles put in an order of his own that said it was time to file and he thought it was appropriate to and the documents on the docket. So there's a lot of circumstances here that show that it just was not just for even the motion to dismiss, which was granted the same day. So we weren't even given an opportunity to try and object to that or request a hearing to consider it. So that is to me a major issue. And it just started a snowball effect. I think there was just already prejudice because of the filings. However, those filings were in 2011 and 2012. I even had to file a motion for permission to file the last chapter seven, which she did receive a discharge because Judge Schneider, in that case, did, in fact, agree. But there are issues here. It's not moved because as a result of this incorrect order and incorrect dismissal, my client did lose property. It was foreclosed in October. And so those are all very pertinent issues to the law for bankruptcy court. And so those are we really attempted to make sure that she was reaching every requirement. After that, because there are so many individuals and small businesses filing, we all know then subchapter five came into play. There's now going to be some type of referee or assistance for these debtors. OK. All right. Well, you're right. You're five minutes. The clock is a little different than I'm used to. It counted down from 10, not from which I did not notice. So I apologize. I sort of caught you. Your time management was better than mine. So at this point, we're watching. Good for you. We'll let you reserve. And you have almost your full five minutes. Thank you. All right. Ms. Goldenberg. Good morning, your honors, I'm Nancy Goldenberg, and I'm an attorney for the U.S. trustee who is appellee in this matter. And your honor, this appeal is actually much narrower than the issues raised by the appellant. And so far, it is an appeal of a denial of the debtors second reconsideration motion with respect to the dismissal order, which, as counsel indicated, was based on compliance deficiencies. The dismissal came about seven months after the bankruptcy filing, even though the items at issue were due seven days after the filing. The dismissal order also included a refiling bar, as this was the debtors' sixth bankruptcy filing since 2011. And five of the four of the five prior filings had been dismissed and therefore unsuccessful. Now, I don't disagree with you on the scope of appeal. We've got the order, no timely appeal. We had a document filed that was but what here the judge treated it as a rule 59 motion. It's really a rule 60 motion, correct? Correct, your honor, because in order to be a rule 59 motion, it would have to have been brought the reconsideration motion, which would have to been brought within the scope of 8002A1, that is within 14 days. And that was not done here. The dismissal motion was not adequately told or brought timely. So even though the appellant's request for reconsideration did not even articulate a legal basis, the only conceivable legal basis would have been under Rule 60B. So is it is there is there any error? And I mean, he he he chose the wrong statute. But is that a pointless error or is that something that the this panel has the ability to look at the record as a whole? And determine whether there was a basis for reconsideration under Rule 60B. And there absolutely is no basis. There was no pleading. And the record certainly shows no mistake in connection with the dismissal order, shows no change in the law, shows no fraud that would support any type of extraordinary relief. For that basis, the U.S. trustee believes that the second reconsideration order can be affirmed. Now, with respect to the underlying dismissal order, we believe that that's really not timely brought and therefore should not be considered. But even if it were considered, the court certainly under 1112B1 found cause, specifically the court found cause under 1112B4H for failing to comply with the U.S. trustee requirements. The statute itself requires timely compliance. And here, even if you accept the debtor's argument that she eventually came into compliance, that was more than six months after these documents were due to be submitted. Now, if there were difficulties with respect to complying, the debtor always had the opportunity to seek comfort from the court, file a motion to seek additional time, and put on the record the difficulties. And that just was not done. Going back to the narrow scope of this particular appeal, there is no basis for the court to reconsider either the propriety of the dismissal order or the refiling bar. The refiling bar is moot. That's what I was going to ask you. So that issue is one that we can't do anything about. We cannot provide effective relief as to the 180-day bar because the time has passed, correct? The time has long passed. And in fact, before the time passed, the debtor filed her seventh bankruptcy, and that was dismissed because it was brought during the borrowed period. And thereafter, she filed an eighth bankruptcy. And in fact, she still has a Chapter 13 case pending. Now, her arguments sound, at least in part, in due process. But how did those arguments fit, if at all, in the structure of the appeal before us? Again, Your Honor, the appeal is only as to, under Rule 60B, if there is either new evidence, fraud, mistake. With respect to new evidence, the appellant can't argue that her inability to reopen bank accounts that were closed after her efforts because that argument was made in connection with the first reconsideration motion. So it's not new evidence with respect to this particular motion. Secondly, the dismissal was not just premised on that deficiency. There were three deficiencies, and any one of them would have supported a dismissal under 1112. There was failure to open, timely, debtor in possession accounts, failure to close the bank accounts, and finally, failure to submit 90-day projections, which certainly could have and should have been done at the onset of the case. For all of those reasons. Can you remedy, that's a question I have, is how do you remedy a 90-day projection well after the 90 days? I mean, is that, what is your office's, yeah, what is your, yeah, what of an actual, I mean, can you ever remedy that? We certainly would have not relied on it as a deficiency had it been submitted, whether timely or not timely, even though the statute requires timely submission. But it was never done. It just was never done. So your office's policy is not draconian in that regard. There are some things that, if the code doesn't require, you know, there are a few areas where the code says, I shall, as a judge dismiss, if it's not one of those, your office recognizes that it should have been done, but works with people generally if they just do it. You know, we really try to work with debtors. This was an extreme situation, Your Honor, because it was months and months later. And yes, counsel did try to keep my office apprised of the developments, but it was not moving forward and there were other remedies that there really should have been a court order allowing waiver, temporary or permanent waiver of requirements that were difficult to acquire. But this was an extreme case. And again, the debtor has a pending Chapter 13 case, and we believe that there was certainly an adequate basis for denial of the second reconsideration motion. And if the court wants to consider it, there was an adequate basis for the dismissal of her underlying case with the refiling bar. Your Honor, other than that, I rely on my brief unless the panel has any additional questions. Do my colleagues have questions? Thank you. No. All right. Thank you. No, we have no additional questions. Thank you for your argument. Thank you. All right. Let's go back on rebuttal to Ms. Nelson. And again, you have almost your four or five minutes. Thank you, Your Honor. The counsel for the trustee mentions that it was a rule 16 out of 59. But if it was treated or mentioned that it was a 59, then appeal from a denial of a judgment, it allows for consideration of the underlying motion in our underlying ruling. Sorry. What controls that? Isn't that just a matter of pure timing? I mean, you can call it what you want, but, you know, if it's within the 14 days, it's rule 59. If it's outside the 14 days, it's rule 60. And rule 60 isn't tolling, is it? The first motion was, in fact, filed within that 14 days. Right. That would be a tolling motion. And I don't know why. I believe that it was because we were waiting for a hearing for the second one. But for some reason, I believe that it was within the 14 days for the second reconsideration. But I see now on the docket that it was not. There was some confusion. I had also filed for motion for imposing or continuing dogmatic stay at the same time. And there was a lot of issues. But there, you know, council also mentions that there was no cause or there's cause for allowing for a 180-day bar. It was the sixth filing. I mean, it's all in the brief. However, the Chapter 13, it's clear that that really could have been a continuation. I'm not going to try and litigate or argue the Chapter 13. However, that dismissal was purely so that we could do a Chapter 11. And yes, we are currently in Chapter 13. However, there is extreme harm. And under case law, if the appellate court can effectuate some relief, then they can, aside from the 180 days passing, rule on these issues. It does not mean that this matter is moot. Well, the matter may not be moot, but the issues as to the 180-day bar are certainly moot. We can't time travel. Right. But the issues then go to whether or not it should have been imposed. And we could have filed again and saved that property. So we have two issues. The appropriateness of the 180-day bar, you would agree that that is moot? No, I don't agree that's moot. It should have never been imposed. It was not in the transcript. What effective relief can we provide today as to the 180-day bar, given that we're an appellate court? That's not an effective order because we can't time travel and let her file within the 180 days. I mean, that's the problem there. No, but it does allow for some relief that she may be able to obtain relating to the foreclosure and sale of her property. I don't want to argue with you unduly, but various things could have been appealed. Stays could have been sought and warranted, right? I did seek a stay. Well, then you didn't get one, right? The judge denied it. Okay. Well, that was okay. Okay. And again, I was not allowed to produce any evidence to introduce any evidence. I was shut down. We were compared to Chapter 13, a single asset filing matter that was heard by the court prior to that in the same hearing. And the judge essentially said, you know, it's just like that case. But, you know, I don't know what that was about. Hattie Yip even said, I've never had a case where somebody put me in a dip account, yet in Ray Moore, which counsel relies on in the appellee's brief, that Ms. Yip was a part of that case. And that was the same circumstances. But there were other issues. I mean, you know, she outlined three issues. And the dip account issue is an interesting one. I've had people have problems. I've never had someone after six months not able to get one. I agree. But let's assume that's a legitimate issue. But that wasn't the only. At the time the motion was filed, there were numerous problems. Many still have the 90-day projections that were never done and the failure to close bank accounts, correct? In the 90-day projection, I was asking, just like Your Honor asked, how do we do that now? We've already filed all the MORs. But I didn't get a response. Yeah. You know, that's not their problem, though. I mean, you know, I think what she said is you've got, it's required, you've got to do it. Your time is up at this point. So we want to thank both of you for your argument. And this matter will be under submission.
judges: Taylor, Lafferty, Spraker